

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 17, 1949

Hon. John Lawhon
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. V-885

Re: Authority of the Texas
Liquor Control Board to
refuse a beer license
application which ap-
pears from its face to
have been heard at a
date less than five days
from the filing of said
affidavit by the County
Judge.

Dear Mr. Lawhon:

Your request for an opinion presents the following questions:

1. May the county judge of a county set for
hearing an application of a person applying for a
beer license at a date less than five days from
the date of filing of said application?

2. If the application on its face shows
that the county judge certified the application
upon a hearing set five days or less from the
date of the filing of the application, is the Texas
Liquor Control Board authorized to refuse such ap-
plication?

Article 667-6(a), Vernon's Penal Code, provides:

"The application of any person desiring to
be licensed to manufacture, distribute, or sell
beer shall be filed in duplicate with the county
judge, who shall set same for a hearing at a date
not less than five (5) nor more than ten (10) days
from the filing of same."

Article 667-6(b), Vernon's Penal Code, provides:

"Upon the filing of any application for a license, the county clerk shall give notice thereof by posting at the court house door a written notice of the filing of such petition, and the substance thereof, and the date of hearing upon such petition. Any citizen shall be permitted to contest the facts stated in said petition and the applicant's right to secure license upon giving security for all costs which may be incurred in such contest should the case be decided in favor of the applicant; provided, however, no officer of a county or any incorporated city or town shall be required to give bond for such costs."

The obvious purpose of the above requirement is to give to the public the right to contest the licensing of persons applying for the privilege of manufacturing, distributing, or selling beer. The statutory language is mandatory that the county judge shall set the issue for hearing at a date not less than five days from filing. This is a right conferred upon the public and as such cannot be waived by the county judge. Furthermore, the rule of statutory construction of such language is that where a statute is couched in negative language, the same must be regarded as mandatory. This principle of law is announced in the case of City of Uvalde v. Burney (Tex. Civ. App. 1912), 145 S.W. 311.

In answer to question No. 2, Section 6(c) of Article 667, provides:

"If upon hearing upon the petition of any applicant for a license the county judge finds the facts stated therein to be true and has not other lawful reason for denying the application, he shall enter an order so certifying, and a copy of said order shall be delivered to the applicant; applicant shall thereupon present the same to the assessor and collector of taxes of the county wherein the application is made and shall pay to the assessor and collector of taxes the fee specified in this Article for the class of license applied for; the assessor and collector of taxes shall thereupon report to the Texas Liquor Control Board upon a form prescribed by

said Board certifying that the application for
license has been approved and all required fees
paid, and such other information as may be re-
quired by the Board, and to such certificate
shall be attached a copy of the original appli-
cation for license. Upon receiving such report
or certification from the assessor and collector
of taxes, it shall be the duty of the Board or
Administrator to issue the license accordingly,
if it is found that the applicant is entitled to
a license, which license shall show the class of
business the applicant is authorized to conduct,
amount of fees paid, date, correct address of the
place of business, and date of expiration, and
such other information as the Board shall deem
proper; provided, however, that the Board or
Administrator may refuse to issue any such license,
if in possession of information from which it is
determined that any statement contained in the ap-
plication therefor is false, untrue or misleading,
or that there are other legal reasons why a license
should not be issued. Upon any refusal by the Board
or Administrator, applicant shall be entitled to
refund of any license fee paid to the county assessor
and collector of taxes at the time of filing his ap-
plication." (Emphasis added.)

In the case of Texas Liquor Control Board v. Abogado,
172 S.W. 2d 778 (Tex. Civ. App. 1943), it was held that the
statutory procedure for obtaining a beer license contemplated
an application to the county judge and upon his approval of the
same the applicant then must apply to the Texas Liquor Control
Board. The Court declared that the Board had the power and
duty to determine for itself whether or not the permit or li-
cense should be granted. It was specifically explained that
the issue determined by the county judge was whether or not
the applicant be accorded the privilege of applying to the
Board.

In the light of the above authority, it necessarily
follows that the part of the application procedure dealing
with the hearing before the county judge is designed solely
to govern that hearing and has no application to later deter-
mination by the Board. The Board acts independently of the
county judge and not as a reviewing authority. It must re-
view the proceedings before the county judge to ascertain
that the requisite qualifications exist, but not to determine
whether the county judge acted erroneously. The issue before

the Board is whether the applicant should be licensed, not whether the county judge erroneously concluded that he should be licensed. However, the statutory procedure requires that the county judge properly perform his duties, and give to the public proper notice. Where the county judge fails in this respect, the proceedings before him are in effect a nullity and the Liquor Control Board is without authority to consider the application in the same manner as if no hearing had been held before the county judge.

### SUMMARY

Article 667-6(a), V.P.C., makes it mandatory that a county judge set for hearing the application for a beer license at a date not less than five (5) days from the filing of said application. A hearing held by the county judge at a date prior to the expiration of five days from the date of the filing is a nullity and the Texas Liquor Control Board is without authority to consider the application in the same manner as if no application had been heard by the county judge. Article 667-6(c), V.P.C.; Texas Liquor Control Board v. Abogado, 172 S.W. 2d 778 (Tex. Civ. App. 1943).

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Joe H. Reynolds
Joe H. Reynolds
Assistant

JHR/rt

APPROVED:

Price Daniel
ATTORNEY GENERAL